IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH GENOVESE, TRUSTEE OF THE FRANK R. GENOVESE TRUST,<br>    Plaintiff | )<br>)<br>)<br>) | |
| v. | ) | CIVIL ACTION NO. 05-142 ERIE |
| HIGHMARK, INC., d/b/a HIGHMARK BLUE CROSS BLUE SHIELD,<br>    Defendant | )<br>)<br>)<br>)<br>) | |

## **Motion Pursuant to Rule 12(b)**

AND NOW, comes the Defendant, Highmark Inc., d/b/a Highmark Blue Cross Blue Shield, by and through its counsel, The McDonald Group, L.L.P., and files this Motion Pursuant to Rule 12(b) and avers in support thereof the following:

1. This is an action to recover benefits pursuant to a health care contract issued by the Defendant to Paramount List, Incorporated.

2. The claim relates to certain residential services rendered to Francessca Genovese, a minor.

3. The Plaintiff, Ralph Geneovese, is identified in the caption as the Trustee of the Frank R. Genovese Trust.

4. The Plaintiff is further identified as both Trustee and as the "testamentary guardian and grandfather of Francessca Genovese, a minor, . . ." in Paragraph 1 of the Complaint.

5. Further, in Paragraph 13 of the Complaint it is averred that a guardian may sue on behalf a minor pursuant to Federal Rules of Civil Procedure 17(c).

6. Ralph Genovese may not pursue this action as Trustee pursuant to a testamentary trust as the claim for benefits asserted in this Complaint is not an asset of the trust.

7. Ralph Genovese may not sue as guardian of either the estate or the person of Francessca Genovese as he is not legally qualified in either role.

8. The testamentary document relied upon by the Plaintiff is the Last Will and Testament of Frank R. Genovese, father of Francessca Genovese. A copy of what is available to Highmark Inc. of excerpts of the Last Will and Testament is appended hereto as Exhibit A.

9. It can be seen that this document does purport to name Ralph Genovese the Trustee and the guardian of the person and estate of Francessca Genovese.

10. Pursuant to Pennsylvania law, however, 20 Pa.C.S.A. §2519 (Supp. 2005), only a sole surviving parent may appoint a testamentary guardian of the person. At the time of his death, Frank Genovese was not the sole surviving parent as he was survived by Debbie Genovese, the mother of Francessca Genovese.

11. Further, pursuant to 20 Pa.C.S.A. §2519 (Supp. 2005), Ralph Genovese, in his capacity of guardian of the estate, may only be the guardian of property when the property passes to the minor upon the death of the testator and when the property is one of the types of property identified in the subparagraph of §2519(d)(1) through (6). The claim for benefits asserted in this action arose subsequent to the death of the testator.

12. It is averred and believed that the lack of standing of the Plaintiff causes this court to be without jurisdiction over the subject matter of this Complaint and that the action is properly dismissed pursuant to F.R.C.P. 12(b)(1).

3

13. Alternatively, it is believed and therefore averred that the lack of standing constitutes a failure to state a claim upon which relief can be granted and that dismissal of the Complaint is warranted pursuant to F.R.C.P. 12(b)(6).

14. Alternatively, the lack of standing of Ralph Genovese, when the mother of Francessca Genovese survived her father, constitutes a failure to join a necessary party and dismissal of the Complaint or requirement that a proper party be joined is appropriate pursuant to Rule 12(b)(7).

15. Alternatively, as it has been necessary to aver a fact which does not appear of record, i.e., that the mother of Francessca survived her father, therefore depriving Ralph Genovese of status as the guardian of the person of Francessca Genovese, this court is respectfully requested to treat this matter as a motion for summary judgment and dispose of it as provided in Rule 56.

WHEREFORE, this Honorable Court is respectfully requested to enter an order dismissing the Complaint, or, in the alternative, requiring the substitution of a Plaintiff with standing to pursue this action.

Respectfully submitted,

THE McDONALD GROUP, L.L.P.

By: _____s/Gary Eiben_____
Gary Eiben
Pa. I.D. No. 26375
456 West 6th Street
P.O. Box 1757
Erie, PA  16507-0757
Phone: (814) 456-5318
Fax:    (814) 456-3840
E-mail:  geiben@tmgattys.com

Attorneys for Defendant,
Highmark Inc., d/b/a
Highmark Blue Cross Blue Shield

3