IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| F.G., a Minor, by RALPH GENOVESE, Trustee of the Frank R. Genovese Trust, and Testamentary Guardian, and DEBORAH GENOVESE, Mother and Natural Guardian<br>         Plaintiffs<br><br>         v.<br><br>HIGHMARK, INC., d/b/a HIGHMARK BLUE CROSS BLUE SHIELD,<br>         Defendant | CIVIL ACTION NO. 05-cv-142 ERIE<br><br>ELECTRONICALLY FILED |

## AMENDED COMPLAINT

Plaintiffs F.G., a Minor, by RALPH GENOVESE, TRUSTEE OF THE FRANK R. GENOVESE TRUST AND TESTAMENTARY GUARDIAN, and DEBORAH GENOVESE, MOTHER AND NATURAL GUARDIAN, by and through their counsel, MacDonald, Illig, Jones & Britton LLP, file this Amended Complaint against defendant Highmark, Inc. d/b/a Highmark Blue Cross Blue Shield and state as follows:

A.  The Parties

1.   Plaintiff Ralph Genovese is an adult individual, trustee of the Frank R. Genovese Trust (hereinafter "Ralph Genovese") and testamentary guardian and grandfather of F.G., a minor, with a business address of 3126 Peach Street, Erie, Erie County, Pennsylvania 16508.

PDF created with pdfFactory trial version www.pdffactory.com

- 2 -

2. Plaintiff Deborah Genovese is an adult individual, mother and natural guardian of F.G., a minor, with an address of 1503 Biebel Avenue, Erie, Erie County, Pennsylvania 16509.

3. Plaintiff F.G. is a minor, with an address of 1503 Biebel Avenue, Erie, Erie County, Pennsylvania 16509.

4. Defendant Highmark, Inc. d/b/a Highmark Blue Cross Blue Shield is a Pennsylvania non-stock, non-profit corporation (hereinafter "Highmark") with its principal place of business located at 1800 Center Street, Camp Hill, Cumberland County, Pennsylvania 17089-0089, and a mailing address of Fifth Avenue Place, 120 Fifth Avenue, Pittsburgh, Allegheny County, Pennsylvania, 15222-3099.

B.  Jurisdiction

5. This Honorable Court has subject matter jurisdiction over this civil action pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e) and (f) because they give jurisdiction over ERISA claims to the district courts of the United States without respect to the amount in controversy or the citizenship of the parties.

6. This Honorable Court has personal jurisdiction over Highmark pursuant to Rule 4(k) of the Federal Rules of Civil Procedure and 42 Pa. C.S.A. §§ 5322(a)(1), 5322(a)(2), 5322(a)(3), 5322(a)(4) and/or 5322(b) because Highmark is registered to do business in the Commonwealth of Pennsylvania; is located in the Western District of Pennsylvania; transacted business in the Western District of Pennsylvania by doing a series of acts for the purpose of realizing pecuniary benefit; contracted to provide insurance coverage in the Western District of Pennsylvania; purposefully directed its activities at F.G., a minor resident of the Western District

PDF created with pdfFactory trial version www.pdffactory.com

of Pennsylvania; and/or caused harm to F.G., a minor, within the Western District of Pennsylvania by its actions both within and without the Western District of Pennsylvania; and because the claims by F.G., a minor, against Highmark arise out of some or all of those actions.

### C.  Venue

7.  Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(a)(1) and (2), 28 U.S.C. § 1391(c), and 29 U.S.C. § 1132(e)(2) because Highmark is registered to do business in the Commonwealth of Pennsylvania and conducts business in and, therefore, resides in the Western District of Pennsylvania; because a substantial part of the events or omissions giving rise to this civil action occurred in the Western District of Pennsylvania; because Highmark is a corporation subject to personal jurisdiction in the Western District of Pennsylvania; and/or because the violations of ERISA took place in the Western District of Pennsylvania.

### D.  Causes of Action

8.  Defendant Highmark entered into Group Health Contract, Number 46671-11 (the "Contract"), effective April 1, 2002, with Paramount Lists, Inc., a Pennsylvania corporation with its principal place of business at 3126 Peach Street, Erie, Erie County, Pennsylvania, 16508.

9.  F.G., a minor, is a Subscriber and beneficiary under the Contract.

10.  Pursuant to the Contract, Highmark agreed to provide benefits to subscribers, including but not limited to:

PDF created with pdfFactory trial version www.pdffactory.com

      (a)      Alcohol and Drug Abuse Services;

      (b)      Psychiatric Care Services; and

      (c)      Hospital Services.

11.    Highmark has failed and refused to provide such benefits to F.G. pursuant to the Contract.

12.    As a result of Highmark's failure and refusal to provide benefits pursuant to the Contract, F.G. has suffered monetary damages in the amount of Twenty-One Thousand, Six Hundred Ninety Dollars ($21,690.00), exclusive of deductibles, plus interest, costs, and attorney's fees.

## Count I

### (ERISA)
### RALPH GENOVESE, TRUSTEE OF THE FRANK R. GENOVESE TRUST v. HIGHMARK

13.    Plaintiffs incorporate herein by reference the allegations set forth in Paragraphs 1 through 12 above.

14.    Pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the plan, and to clarify his right to future benefits under the terms of the plan.

15.    Pursuant to Federal Rule of Civil Procedure 17(c), a guardian may sue on behalf of a minor.

16.    The Contract between Highmark and Paramount Lists, to which F.G. is a third-party beneficiary, is an "employee benefit plan" governed by ERISA, 29 U.S.C. § 1001 *et seq.*

PDF created with pdfFactory trial version www.pdffactory.com

17. In the Contract, Highmark promised to provide benefits to subscribers for:

    (a) Alcohol and Drug Abuse Services;

    (b) Psychiatric Care Services; and

    (c) Hospital Services.

18. Highmark has failed and refused to provide such contractual benefits to F.G.

19. As a result of Highmark's failure and refusal to provide benefits due to her under the Contract, F.G. has suffered monetary damages, including but not limited to interest, costs, and attorney's fees.

20. As a result of Highmark's failure and refusal to provide benefits pursuant to the Contract, F.G. desires to recover benefits due to her under the Contract, enforce her rights under the Contract, and clarify her right to future benefits under the terms of the Contract.

WHEREFORE, plaintiffs F.G., a minor, by Ralph Genovese, Trustee of the Frank R. Genovese Trust and Testamentary Guardian of F.G., and Deborah Genovese, Mother and Natural Guardian, demands that judgment be entered in their favor and against defendant Highmark, Inc. d/b/a Blue Cross Blue Shield, for money damages according to proof, for a declaration of F.G.'s right to future benefits under the Contract, plus interest, costs, and attorneys' fees, together with such other relief as the Court deems just and proper, with respect to Count I of the Complaint.

<u>A JURY TRIAL IS HEREBY DEMANDED</u>.

PDF created with pdfFactory trial version www.pdffactory.com

Respectfully submitted,


_____/s/ John F. Mizner_____
John F. Mizner (Pa. Id. No. 53323)
David F. Dieteman (Pa. Id. No. 85637)
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7600
Phone: 814-870-7600
Fax: 814-454-4647
Email: jmizner@mijb.com
Email: ddieteman@mijb.com

Attorneys for Plaintiffs
  F.G., a Minor,
  Ralph Genovese, Trustee
  of the Frank R. Genovese Trust and
  Testamentary Guardian, and
  Deborah Genovese, Mother and Natural Guardian

902658

- 6 -

PDF created with pdfFactory trial version www.pdffactory.com