IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| F.G., a Minor, by RALPH GENOVESE, Trustee of the Frank R. Genovese Trust, and Testamentary Guardian, and DEBORAH GENOVESE, Mother and Natural Guardian,<br>　　　　　Plaintiffs<br><br>　　　　v.<br><br>HIGHMARK, INC., d/b/a HIGHMARK BLUE CROSS BLUE SHIELD,<br>　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION No. 05-cv-142 ERIE<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO AMENDED COMPLAINT

AND NOW, comes the Defendant, Highmark Inc., d/b/a Highmark Blue Cross Blue Shield, by and through its counsel, The McDonald Group, L.L.P., and files this Answer to the Amended Complaint:

A.　　The Parties

1.　　Admitted except to the extent that the Plaintiffs aver that Ralph Genovese is the testamentary guardian of F.G. This averment is denied as Mr. Genovese is not the testamentary guardian. Any averment or inference that Mr. Genovese has standing to pursue this lawsuit is denied.

2.　　Admitted.

3.　　Admitted.

4.　　Admitted in part and denied in part. It is admitted that Highmark Inc. d/b/a Highmark Blue Cross Blue Shield is a Pennsylvania non-stock, non-profit corporation. It is denied that Highmark has its principal place of business at 1800 Center Street, Camp Hill,

- 2 -

Cumberland County, Pennsylvania 17089-0089.  In further response thereto, Highmark Inc. has its principal place of business at 120 Fifth Avenue, Fifth Avenue Place, Pittsburgh, Pennsylvania 15222-3099.

### B.   Jurisdiction

5.   It is admitted that this Honorable Court has subject matter jurisdiction over this action.

6.   Admitted in part and denied in part.  It is admitted that this Honorable Court has jurisdiction pursuant to Rule 4(k) of the Federal Rules of Civil Procedure and 42 Pa.Cons.Stat.Ann. §§ 5322(a)(1), 5322(a)(2), 5322(a)(3), 5322(a)(4) and/or 5322(b).  It is admitted that Highmark entered into a health insurance contract with Paramount Lists, Inc.  It is denied that Highmark has purposefully directed its activities at F.G. and it is denied that Highmark has caused harm to F.G.  In further response thereto, Highmark is known as a hospital and medical services organization and not an insurance company.

### C.   Venue

7.   It is admitted that venue is proper in the Western District of Pennsylvania.  It is denied that any omissions or violations on the part of Highmark occurred.

### D.   Causes of Action

8.   It is admitted that Defendant Highmark entered into group health contract No. 46671-11 with Paramount Lists, Inc. and that Paramount Lists, Inc. is a Pennsylvania corporation with its principal place of business at 3126 Peach Street, Erie, Erie County, Pennsylvania 16508.  It is denied that the controlling version of the document was effective April 1, 2002, and, in further response, it is averred that the controlling version of the contract was effective April 1, 2004.

9. Denied. As of the period of time during which the contested services were rendered, F.G. was no longer an eligible subscriber or beneficiary under the contract. In further response thereto, the averments of paragraph 22 are incorporated herein by reference as if set forth in their entirety.

10. It is admitted that certain services which fall within the scope of the phrases "Alcohol and Drug Abuse Services;" "Psychiatric Care Services;" and "Hospital Services" are covered pursuant to the agreement but only to the extent those terms are defined by the agreement and subject to all terms and conditions of the agreement.

11. It is denied that Highmark has "failed and refused" to provide any benefits to which F.G. may be entitled pursuant to the contract. It is admitted that Highmark has denied payment for benefits for certain treatments which did not fall within the scope of benefits covered under the contract.

12. It is again denied that Highmark has committed any failure to provide benefits or any refusal of benefits to which F.G. may be entitled pursuant to the contract. It is further denied that F.G. suffered any monetary damages.

**COUNT I**
**(ERISA)**
**Ralph Genovese, Trustee of the Frank R. Genovese Trust v. Highmark**

13. Highmark incorporates herein by reference the allegations of paragraphs 1 through 12, *supra*.

14. Paragraph 14 is simply a restatement of the language of the statute without quotation marks.

15. The averment of this paragraph constitutes a statement of law to which no responsive pleading is necessary. Any inference that Ralph Genovese is a guardian is denied.

16. It is admitted that the contract between Highmark and Paramount Lists is an employee benefit plan but it is denied that F.G. is a third-party beneficiary.

17. It is admitted that certain services which fall within the scope of the phrases "Alcohol and Drug Abuse Services;" "Psychiatric Care Services;" and "Hospital Services" are covered pursuant to the agreement but only to the extent those terms are defined by the agreement and subject to all terms and conditions of the agreement. Those services with respect to which Plaintiffs seek reimbursement do not fall within the scope of coverage available pursuant to the contract.

18. It is denied that Highmark has failed and/or refused to provide any benefits to which F.G. is contractually entitled.

19. It is denied that Highmark has failed or refused to provide benefits due to F.G. under the contract. It is further denied that F.G. suffered any monetary damages, including but not limited to interest, costs and attorneys' fees as a result of any act or omission on the part of Highmark.

20. It is again denied that Highmark has failed or refused to provide any benefits to which F.G. is entitled pursuant to the contract. It is denied that F.G. is entitled to recover benefits under the contract or that any benefits are due to her under the contract. It is denied that F.G. has sustained any loss of rights under the contract which would warrant enforcement and it is denied that F.G. has any right to future benefits.

WHEREFORE, the Defendant, Highmark Inc., d/b/a Highmark Blue Cross Blue Shield, respectfully requests that judgment be entered in its favor and against the Plaintiffs, F.G., a

minor, by Ralph Genovese, Trustee of the Frank R. Genovese Trust and alleged Testamentary Guardian, and Deborah Genovese, Mother and Natural Guardian, for any and all claims asserted in the complaint.

**FIRST DEFENSE**

21.   The Complaint fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

22.   Any entitlement of F.G. to benefits arose because her now-deceased father was covered by the original group coverage provided by Highmark to Paramount Lists, Inc. Subsequent to her father's death, F.G. was entitled to 36 months of COBRA under the Paramount Lists, Inc. health contract. Paramount Lists, Inc. failed to remove F.G. after 36 months as required by law. This coverage expired three years following the death of F.G.'s father and was not in effect as of the date of the services which are at issue in the current lawsuit.

**THIRD DEFENSE**

23.   The contract upon which the Plaintiffs rely requires pre-approval of services of the nature for which the Plaintiffs claim entitlement to reimbursement in this lawsuit.

24.   Pre-approval was neither requested nor obtained for the services which Plaintiffs seek to obtain reimbursement in the current lawsuit.

**FOURTH DEFENSE**

25.     The services provided and which are the subject of this lawsuit do not qualify under the definitions of those services for which Highmark will compensate as either "Alcohol and Drug Abuse Services" or "Psychiatric Care Services" or "Hospital Services."

26.     The services for which Plaintiffs seek reimbursement in the current lawsuit are residential services excluded from coverage under the terms of the contract.

**FIFTH DEFENSE**

27.     Ralph Genovese is without standing to pursue this action on behalf of F.G., whether as Trustee of the Frank R. Genovese Trust, as alleged Testamentary Guardian of F.G., as an adult individual and grandfather of F.G., or in any other capacity.

**SIXTH DEFENSE**

28.     Plaintiffs are not entitled to a jury trial in this action.

**SEVENTH DEFENSE**

29.     If in the event there is found to be any liability on the part of the Defendant, the amount of any claim is limited to the fair and reasonable charge subject to all limitations, deductibles and copays under the contract.

WHEREFORE, the Defendant, Highmark Inc., d/b/a Highmark Blue Cross Blue Shield, respectfully requests that judgment be entered in its favor and against the Plaintiffs, F.G., a minor, by Ralph Genovese, Trustee of the Frank R. Genovese Trust and alleged Testamentary

- 7 -

Guardian, and Deborah Genovese, Mother and Natural Guardian, for any and all claims asserted in the complaint.

                        Respectfully submitted,

                        THE McDONALD GROUP, L.L.P.

                        By:   /s/ Gary Eiben
                              Gary Eiben
                              Pa. I.D. No. 26375
                              456 West Sixth Street
                              P. O. Box 1757
                              Erie, PA 16507-0757
                              Phone: (814) 456-5318
                              Fax:   (814) 456-3840
                              E-mail:  geiben@tmgattys.com

                              Attorneys for Defendant,
                              Highmark Inc., d/b/a
                              Highmark Blue Cross Blue Shield